**The below described is SIGNED.**

**Dated: January 18, 2013**

_____
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 12-21370 JTM |
| --- | --- |
| JOSE AMEZCUA, | Chapter 7 |
| Debtor. | Judge Joel T. Marker |

## MEMORANDUM DECISION

This matter concerns bankruptcy petition preparers. There is an old sports adage which, loosely paraphrased, states that a good referee goes unnoticed and unmentioned. So it is with bankruptcy petition preparers; the good ones go unnoticed and unmentioned. Section 110(a)[1] of the Bankruptcy Code defines a bankruptcy petition preparer as a "person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a…petition or any other document…for filing by a debtor in the United States bankruptcy court or a United States district court in connection with a [bankruptcy

---

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

1

case]."[2] This same section lays out several restrictions on what a bankruptcy petition preparer is prohibited from doing but says little about what a bankruptcy petition preparer is allowed to do.

Some notable limitations laid out in § 110 state that a bankruptcy petition preparer may not offer a potential bankruptcy debtor legal advice,[3] may not execute any document on behalf of a debtor,[4] and may not collect or receive any payment from the debtor for the court fees in connection with the bankruptcy petition.[5] All of these enumerated limitations strip the bankruptcy petition preparer's powers and responsibilities down to the very role that the name itself suggests: prepare the bankruptcy petition. "[B]ankruptcy petition preparers cannot do anything other than typing, data input, or photocopying, *period.*"[6] There are many petition preparers in Utah and throughout the country that simply type up the bankruptcy forms for the debtors and charge a fee for their preparation services. They work diligently for their clients and adequately prepare bankruptcy petitions every day. Those preparers go unnoticed and unmentioned. Others either willingly or inadvertently run afoul of § 110, creating problems for their clients (the debtors) and the courts. This case involves the latter group.

In the matter at hand, three men combined to prepare and file a petition and other documents on behalf of a debtor who was unaware of what was going on. Information was falsified, signatures were forged, and identities were concealed. The case was ultimately dismissed, but the Court retained jurisdiction pending an investigation by the United States Trustee, which resulted in a motion seeking damages and fines. The Court now finds that two of

---

[2] *U.S. Trustee v. Mancini (In re Johnson)*, 2012 WL 5193964, *5 (Bankr. D. Md.)(citing 11 U.S.C. §§ 110(a)(1), 110(a)(2)).
[3] *See* § 110(e)(2)(A).
[4] *See* § 110(e)(1).
[5] *See* § 110(g).
[6] *U.S. Trustee v. Assaf (In re Briones-Coroy)*, 481 B.R. 685, 694 (Bankr. D. Colo. 2012).

the men – Don Hales and David Zaplana – acted as bankruptcy petition preparers under § 110 and violated numerous provisions of the statute.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FINDINGS OF FACT

On December 11, 2012, the Court held an evidentiary hearing in this matter. Based upon the evidence presented at the hearing, including a written stipulation of undisputed facts and exhibits, the Court now makes the following findings of fact:

In January of 2012, Jose Amezcua (the "Debtor") was experiencing financial problems. A relative of one the the Debtor's friends referred the Debtor to Jorge Uscategui for assistance. The Debtor met with Uscategui and paid Uscategui's company, American Credit Repair LLC, three separate payments totaling $1,250 in January and February, 2012. After determining that he was unable to assist the Debtor with his financial problems, Uscategui passed the Debtor's information along to a business acquaintance named David Zaplana. Zaplana, in turn, passed the Debtor's information to another associate named Don Hales.

The Debtor provided the necessary information and documents for filing bankruptcy to Uscategui, the only one of the three men with whom the Debtor communicated or even knew about pre-petition, and this information was passed along to Hales. Without the Debtor's knowledge, Hales prepared the chapter 7 Voluntary Petition and filed it on February 9, 2012. In total, Hales prepared and filed at least 10 documents in the Debtor's bankruptcy case, including

the petition, the Statement of Social Security Number, the Application to Pay Filing Fee in Installments, the Statement of Current Monthly Income (and its amendments), the Payment Advices Certification, the Statement of Financial Affairs, the Schedules of assets and liabilities, the Motion to Vacate Dismissal, and the Notice of Hearing on the Motion to Vacate Dismissal. Hales created these documents, signed the Debtor's name on them, and then filed them with the Court. Neither Hales' name nor his signature appears on any of these documents filed with the Court properly identifying him as a bankruptcy petition preparer. The filed documents actually indicate that the Debtor was acting *pro se*. The Debtor did not sign any of the documents in this case, and he did not file the documents with the Court.

Zaplana obtained the Credit Counseling Briefing Certificate in this case. He posed as the Debtor, paid for the credit counseling course, took the course, and obtained the certificate for completing the course. Zaplana delivered this certificate to Hales to file with the Petition. Uscategui initially paid Zaplana $800 from the $1,250 that he had received from the Debtor. Zaplana paid Hales $400, so that they each received $400 for their roles and work in the bankruptcy.

The Debtor failed to timely make the required initial installment payment of the filing fee, and the case was dismissed on March 9, 2012. The Debtor was not even aware that the installment application had been filed in his case and simply assumed that the $1,250 he had paid to Uscategui covered all of the costs associated with his bankruptcy case. In truth, Hales had filed the installment application and then never made the initial installment payment once the application was granted. The Debtor had never met or even heard of Don Hales until March 11, 2012, two days after his case had been dismissed and over a month after Hales had filed the

4

petition. On March 21, 2012, Hales paid the $306 filing fee to the Court, 16 days after the initial filing fee installment was due on March 5, 2012.

Despite not being licensed to practice law, Hales prepared and filed the motion to vacate dismissal on the Debtor's behalf on March 23, 2012. Hales signed the name "Dee Brown" to the certificate of mailing that is attached to the motion to vacate dismissal. Hales admits to creating this name out of thin air. The Debtor failed to appear at multiple hearings on his motion to vacate dismissal, and the Court ordered that the case remain dismissed. The Court retained jurisdiction of the case pending an investigation by the United States Trustee.

On April 11, 2012, the Debtor, through counsel, commenced a second chapter 7 bankruptcy, for which he paid $1,106 ($800 attorney's fees and $306 filing fee) and received a standard discharge on July 18, 2012. On October 12, 2012, the United States Trustee filed a Motion for Assessment of Fines Against Don Hales, David Zaplana, Jorge Uscategui, and American Credit LLC for Violations of 11 U.S.C. § 110 and Forfeiture of Fees. Notice of the evidentiary hearing on the motion was properly given and Hales, Zaplana, Uscategui, and the Debtor all appeared and were called to testify as witnesses of the United States Trustee. Each of the three non-debtors was also given an opportunity to put on evidence and call witnesses.

## CONCLUSIONS OF LAW

Hales and Zaplana are bankruptcy petition preparers under § 110(a) of the Bankruptcy Code. They prepared documents for filing in this case for compensation.[7] The Court is convinced that Uscategui merely provided the information he received from the Debtor to Zaplana. He was not a bankruptcy petition preparer and is not subject to the provisions of § 110(a). Hales and

---

[7] *See* § 110(a)(1).

5

Zaplana, however, do come under the statute's restrictions. Because of the different activities of each of these two petition preparers, the Court will address them individually.

**Don Hales**

*Violations*

The United States Trustee moves for an assessment of fines against Hales of at least $25,900 for violations of § 110(b), (c), (d), (e), (g), and (h). Under § 110(b)(1), a bankruptcy petition preparer who prepares a document for filing must sign the document and print his name and address on the document.[8] Hales prepared at least 10 documents for filing in this case, and he did not sign or put his name and address on any of them. The Court finds that Hales clearly violated § 110(b)(1). Likewise, subsection (c)(1) of § 110 prohibits a bankruptcy petition preparer from preparing a document for filing without placing a number on the document that identifies the individual preparer.[9] Hales failed to place an identifying number on any of the documents that he filed in this case.

Hales' violations of § 110(d) and (e)(1) were particularly egregious. Section 110(d) requires a bankruptcy petition preparer to provide a debtor with a copy of each document to be filed in the case,[10] and subsection (e)(1) prohibits the preparer from executing any document on behalf of the debtor.[11] Hales completed most of the documents in this case, and he did so without meeting the Debtor, without obtaining the Debtor's signature on the documents, and without furnishing the Debtor with copies of the documents. Hales prepared the documents, forged the

---

[8] § 110(b)(1).
[9] § 110(c)(1).
[10] § 110(d).
[11] § 110(e)(1).

Debtor's signature, and filed them with the Court. In his testimony at the hearing, Hales attempted to justify his actions by stating that he thought there was an urgency to get the documents filed to stay a foreclosure on the Debtor's home. Hales' explanation is not credible and does not relieve him of responsibility for violating the statute. If the desire for expediency could provide an acceptable justification for falsifying documents and forging signatures, there would be no bite to the laws against perjury and false oaths. Such an excuse as Hales provided to the Court will never be acceptable.

The United States Trustee also asks the Court to find Hales' actions to be a violation of § 110(e)(2), which prohibits a bankruptcy petition preparer from offering legal advice to a potential bankruptcy debtor.[12] Many of the Trustee's allegations concerning this claim are unsupported by the facts in this case. For instance, Hales could not have given legal advice to the Debtor pre-petition, because Hales had not met with or spoken to the Debtor until a month after the petition was filed. However, after the Debtor's case was dismissed, Hales sent the Debtor an email giving him legal advice on what to include in a potential motion to vacate dismissal. The inappropriate advice had no impact, however, because Hales then prepared and filed the motion to vacate dismissal by himself anyway–without the Debtor's knowledge or authorization. For these acts, Hales certainly violated §110(e)(2).

Hales also violated §110(g) and (h). Section 110(g) prohibits a bankruptcy petition preparer from collecting or receiving "any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition."[13] Hales admits that he received payment indirectly from the Debtor and used such funds to pay the filing fee in this case. Hales also

---

[12] § 110(e)(2).
[13] § 110(g).

7

failed to file any disclosure of compensation, as required under § 110(h)(2). He received at least $400 for preparing and filing the Petition and other documents. In sum, Hales has violated several subsections of § 110 of the Bankruptcy Code, including subsections (b), (c), (d), (e), (g), and (h).

*Fines*

Under § 110(*l*)(1), "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure."[14] With the exception of subsection (f), Hales violated all of those subsections. He filed 10 documents in violation of subsection (b)(1), he filed 10 documents in violation of subsection (c)(1), he did not furnish the Debtor with copies of these documents in violation of subsection (d)(1), and he executed each of these 10 documents on behalf of the Debtor in violation of subsection (e)(1). At $500 for each violation, the violations under those four subsections alone total $20,000. Additionally, Hales provided legal advice to the Debtor,[15] failed to disclose the compensation he received from the Debtor,[16] and collected payment from the Debtor for court fees.[17] Each of these three violations carries a $500 penalty,[18] for an additional fine of $1,500.

The United States Trustee requests that the Court triple this fine of $21,500 assessed under § 110(*l*)(1) pursuant to language in subsection (*l*)(2). This section *requires* the Court to triple the amount of a fine assessed under paragraph (*l*) if the Court finds, among other things, that a bankruptcy petition preparer "prepared a document for filing in a manner that failed to

---

[14] § 110(*l*)(1).
[15] § 110(e)(2)(A).
[16] § 110(h)(2).
[17] § 110(g).
[18] § 110(*l*)(1).

8

disclose the identity of the bankruptcy petition preparer."[19] The tripling of the fines is mandatory if the Court makes such a finding concerning the non-disclosure of identity. As stated previously, Hales prepared the documents, forged the Debtor's signature, indicated the Debtor was proceeding *pro se*, and never disclosed his identity as a petition preparer. As harsh as the tripling of fines can often be, this is one instance where the Court feels confident that it is the proper course of action.

The Court also orders that Hales return the $400 fee he collected from the Debtor pursuant to § 110(h)(3)(B). This section states that the fees charged by a bankruptcy petition preparer in a case in which he fails to comply with subsections (b), (c), (d), (e), (f), (g), or (h) may be forfeited.[20] As Hales has failed to comply with almost all of these subsections, it is appropriate that he forfeit the fees he received in association with this case.

Under § 110(i), if a court finds that a bankruptcy petition preparer commits an act that the court finds to be "fraudulent, unfair, or deceptive…the court shall order the bankruptcy petition preparer to pay the debtor–(A) the debtor's actual damages; (B) the greater of–(i) $2,000; or (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and (C) reasonable attorneys' fees and costs in moving for damages under this subsection."[21] The Court finds that Hales' acts were deceptive. The Debtor suffered actual damages of $1,106, because he had to pay an attorney to re-file his case properly. The Debtor paid Uscategui a total of $1,250, but Hales was only paid $400 of that. Doubling that amount equals $800, which is less than $2,000, so $2,000 is the amount required under subsection (B). In light of Hales' deceptive acts in filing the petition and other documents, the Court orders an

---

[19] § 110(*l*)(2)(D).
[20] § 110(h)(3)(B).
[21] § 110(i)(1).

additional fine in the amount of $3,106 pursuant to § 110(i). The total amount of fines and forfeitures ordered by the Court for Hales is, therefore, $68,006.[22]

**David Zaplana**

*Violations*

Zaplana admits that he posed as the Debtor and took the credit counseling course required under § 109(h). This section requires that debtors file a certificate from an approved credit counseling agency that was obtained within 180 days prior to filing a petition.[23] The legislative history of this section "suggests that the purpose of the credit counseling requirement is two-fold: (1) it protects creditors by establishing a new eligibility requirement, and (2) it protects individual consumer debtors by requiring them to receive credit counseling before they are eligible for bankruptcy relief *so they will make an informed choice* about bankruptcy, its alternatives, and its consequences, and be aware of the devastating effect it can have on their credit."[24] It goes without saying that the Debtor in this case did not receive any of the benefits of informed decision-making as a result of Zaplana taking the credit course secretly in the Debtor's name. Like Hales, Zaplana claims that he took the course for the Debtor because he thought the filing of the Petition was urgently needed to stop a foreclosure. The Court does not accept this justification. It is hard to conceive of a situation in which such an action would ever be proper, because it undermines the entire purpose of § 109(h).

---

[22] A mathematical breakdown of the fines and the statutory source authorizing each of them is attached as Exhibit A to this Memorandum Decision.
[23] § 109(h).
[24] *In re Crawford*, 420 B.R. 833, 840 (Bankr. D.N.M. 2009)(see also H.R. REP. 109-31(I), 89 and 104, 2005 WL 832198, *1 and *81)(emphasis added).

Although the nature of Zaplana's activities differed from Hales', Zaplana also violated provisions of the statute. Zaplana is a bankruptcy petition preparer and failed to act in accordance with the requirements placed on these preparers by § 110. Like Hales, Zaplana failed to furnish a copy of the certificate to the Debtor[25] and failed to disclose the compensation Zaplana received to the Court.[26] The Court, therefore, finds that Zaplana clearly violated § 110(d) and (h)(2).

*Fines*

Zaplana's violations of § 110(d) and (h)(2) will result in a $500 fine for each of the two violations.[27] Because taking the credit course and receiving the certificate of completion involved the failure of Zaplana to disclose that he was a bankruptcy petition preparer, the Court is required to triple the fines ordered under § 110(d) and (h)(2).[28] The total fine amount under § 110(*l*) is $3,000.

The Court also finds that Zaplana procured the Credit Counseling Briefing Certificate through an act that was "fraudulent, unfair, or deceitful" and, therefore, Zaplana is responsible under § 110(i) for the same $3,106 in damages suffered by the Debtor as Hales is.[29] Despite the fact that there are multiple violations by two different petition preparers, there is only one damage amount suffered by the Debtor as a result of all of these violations. Therefore, Hales and Zaplana are jointly and severally liable for the $3,106 owed to the Debtor under § 110(i). Additionally, Zaplana is required to forfeit the $400 fee he received for his services in this case pursuant to § 110(h)(3)(B). The total amount of fines and fees owed by Zaplana is $6,506.

---

[25] *See* § 110(d).
[26] *See* § 110(h)(2).
[27] *See* § 110(*l*)(1).
[28] *See* § 110(*l*)(2)(D).
[29] *See* § 110(i).

11

**CONCLUSION**

Uscategui certainly was not helpful to the Debtor throughout the bankruptcy process, both pre-petition and post-petition. But he did not prepare any documents for compensation and, therefore, is not a bankruptcy petition preparer. Although it is not clear from the evidence what happened to the remaining $450 that Uscateui held onto after turning over the initial $800 to Zaplana, the Court accepts Uscategui's testimony that he did not keep it. As such, the Court requires nothing further from Uscategui or American Credit Repair LLC in this matter.

Both Hales and Zaplana are bankruptcy petition preparers under the definition provided in § 110 of the Bankruptcy Code; therefore, they were subject to the provisions of that statute. For their violations of § 110, the Court orders as follows:

(1) that Hales is to pay fines in the amount of $64,500 to the United States Trustee pursuant to § 110(*l*)(1) and (2);

(2) that Hales is to return the $400 he received for his services to the Debtor pursuant to § 110(h)(3)(B);

(3) that Zaplana is to pay fines in the amount of $3,000 to the United States Trustee pursuant to § 110(*l*)(1) and (2);

(4) that Zaplana is to return the $400 he received for his services to the Debtor pursuant to § 110(h)(3)(B); and

(5) that Hales and Zaplana are jointly and severally liable to the Debtor for damages in the amount of $3,106 pursuant to § 110(i).

A separate order will be issued in accordance with this Memorandum Decision.

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Jose Amezcua
1146 North Antilles Dr.
Salt Lake City, UT 84116
    *Debtor*

Don Hales
832 Three Fountains Drive #184
Murray, UT 84107

David Zaplana
11557 S. Kestrel Rise Rd.
South Jordan, UT 84095

David Zaplana
741 East 9000 South
Sandy, UT 84094

Jorge Uscategui
5727 W. Swift Creek Rd.
West Jordan, UT 84088

American Credit Repair LLC
5727 W. Swift Creek Rd.
West Jordan, UT 84088

John Morgan
U.S. Trustee's Office
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
    *Counsel for the U.S. Trustee*

**Exhibit A**

**DON HALES**

| Violation | Code Section | Fine | Code Section Authorizing the Fine | Number of Violations | Total Fine |
|---|---|---|---|---|---|
| Failure to sign and print name and address on document filed in this case | § 110(b)(1) | $500 per violation | § 110(*l*)(1) | 10 | $5,000 |
| Failure to place identifying number of preparer on documents filed in this case | § 110(c)(1) | $500 per violation | § 110(*l*)(1) | 10 | $5,000 |
| Failure to furnish the Debtor with copies of all documents prepared, signed, and filed in this case | § 110(d) | $500 per violation | § 110(*l*)(1) | 10 | $5,000 |
| Execution of documents on behalf of the Debtor | § 110(e)(1) | $500 per violation | § 110(*l*)(1) | 10 | $5,000 |
| Providing of legal advice to the Debtor | § 110(e)(2) | $500 per violation | § 110(*l*)(1) | 1 | $500 |
| Collection of payment from the Debtor for the court fees | § 110(g) | $500 per violation | § 110(*l*)(1) | 1 | $500 |
| Failure to file a disclosure of compensation | § 110(h)(2) | $500 per violation | § 110(*l*)(1) | 1 | $500 |
| **Total amount of fines assessed under § 110(*l*)(1)** | | | | | **$21,500** |
| **Total after tripling the fine amount assessed under § 110(*l*) for failing to disclose the identity of the bankruptcy petition preparer** | **§ 110(*l*)(2)(D)** | | | | **$64,500** |
| Forfeiture of fees received for services | § 110(h)(3)(B) | $400 received | | | $400 |
| Payment of actual damages, $2,000, and reasonable attorney's fees and costs in moving for damages[1] | § 110(i) | $1,106 in actual damages + $2,000 | | | $3,106 |
| **TOTAL FINES and FEES** | | | | | **$68,006** |

14

**DAVID ZAPLANA**

| Violation | Code Section | Fine | Code Section Authorizing the Fine | Number of Violations | Total Fine |
|---|---|---|---|---|---|
| Failure to furnish the Debtor with copies of all documents prepared, signed, and filed in this case | § 110(d) | $500 per violation | § 110(*l*)(1) | 1 | $500 |
| Failure to file a disclosure of compensation | § 110(h)(2) | $500 per violation | § 110(*l*)(1) | 1 | $500 |
| **Total amount of fines assessed under § 110(*l*)(1)** | | | | | **$1,000** |
| **Total after tripling the fine amount assessed under § 110(*l*) for failing to disclose the identity of the bankruptcy petition preparer** | § 110(*l*)(2)(D) | | | | **$3,000** |
| Forfeiture of fees received for services | § 110(h)(3)(B) | $400 received | | | $400 |
| Payment of actual damages, $2,000, and reasonable attorney's fees and costs in moving for damages[2] | § 110(i) | $1,106 in actual damages + $2,000 | | | $3,106 |
| **TOTAL FINES and FEES** | | | | | **$6,506** |

[1] Joint and several liability with David Zaplana

[2] Joint and several liability with Don Hales

15